IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL NO:

DAVID WELLMAN                                                                                                PLAINTIFF

VS.                                             **COMPLAINT**

LVNV FUNDING, LLC
15 South Main St, Ste 700
Greenville, SC 29601

       Serve:  Kentucky Secretary of State
                  Summonses Branch
                  700 Capitol Ave., Suite 86
                  Frankfort, KY 40601

&

WELTMAN, WEINBERG & REIS CO., LPA                                                          DEFENDANTS
d/b/a Weltman, Weinberg & Reis Co., PSC
323 W. Lakeside Ave, Suite 200
Cleveland, OH 44113

       Serve:  National Registered Agents, Inc.
                  400 West Market Street, Suite 1800
                  Louisville, KY 40202

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, DAVID WELLMAN ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants, LVNV FUNDING, LLC, and WELTMAN, WEINBERG & REIS CO., LPA, alleges and affirmatively states as follows:

## INTRODUCTION

1. The Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. In the present case, the Defendants knowingly violated clear tenets of the FDCPA by filing a collection suit against the Plaintiff outside the applicable statute of limitations.

## PARTIES

3. Plaintiff David Wellman is a citizen and resident of Pike County, Kentucky. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692d.

4. Defendant, LVNV FUNDING, LLC (hereinafter "LVNV Funding"), is a corporation organized and existing under the laws of Delaware. LVNV Funding's principal place of business is located at 15 South Main St, Suite 700, Greenville, South Carolina, 29601. Though LVNV Funding is engaged in business in the Commonwealth of Kentucky, it does not have a registered agent in the state. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers of this Defendant named. Defendant, LVNV Funding, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

5. Defendant, WELTMAN, WEINBERG & REIS CO., LPA (hereinafter "Weltman"), is a corporation organized and existing under the laws of Ohio. Weltman's principal place of business is located at 323 W. Lakeside Avenue, Cleveland, Ohio, 44113. Weltman has a Certificate of Authority to do business in the Commonwealth of Kentucky as "Weltman, Weinberg, & Reis Co., PSC." Weltman regularly conducts business in the Commonwealth of Kentucky, and its registered agent is National Registered Agents, Inc., located

at 400 West Market Street, Suite 1800, Louisville, Kentucky, 40202. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers of this Defendant named.  Defendant Weltman, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1692k(d), which states that actions arising under the FDCPA may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

7. This Court has personal jurisdiction over all Defendants herein.

8. Defendant LVNV Funding conducts business in the Commonwealth of Kentucky; the Defendant purposefully communicated with the Plaintiff, who resides within the Commonwealth of Kentucky, in an effort to collect a debt allegedly owed by the Plaintiff; and, the Defendant filed, or caused to be filed, a lawsuit in the Commonwealth of Kentucky, in an effort to collect a debt allegedly owed by the Plaintiff.

9. Defendant Weltman conduct business in the Commonwealth of Kentucky; the Defendant is registered to do business with the Kentucky Secretary of State, and has a registered agent within the Commonwealth of Kentucky; the Defendant purposefully contacted the Plaintiff, who resides within the Commonwealth of Kentucky, in an effort to collect a debt allegedly owed by the Plaintiff; and, the Defendant filed, or caused to be filed, a lawsuit in the Commonwealth of Kentucky, in an effort to collect a debt allegedly owed by the Plaintiff.

10. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as "a substantial part of the events or omissions giving rise to the claim[s]" herein occurred within this District.

## FACTS

11.   The Plaintiff has, at all times relevant, resided in Pike County, Kentucky.

12.   Prior to February 2007, the Plaintiff was issued a credit card through HSBC.

13.   On or about July 30, 2012, the Defendants filed, or caused to be filed, a lawsuit in Pike District Court seeking to collect an amount allegedly owed by the Plaintiff on the account that he originally had with HSBC.  The lawsuit was assigned Pike District Court case number 12-C-784.  A true and accurate copy of the Complaint is attached hereto as Exhibit 1.

14.   Pursuant to the Plaintiff's recollection, as well as the records of the Defendants, the Plaintiff last made a payment on the account in February, 2007. *See*, Exhibit 1.

15.   Pursuant to Kentucky law, the statute of limitations for the Defendants to file suit on the debt was five years.

16.   The statute of limitations expired prior to the time that the Defendants filed case number 12-C-784.

17.   The Defendants had knowledge that the suit was filed outside the five-year statute of limitations, or acted with reckless disregard as to whether the suit was filed outside the five-year statute of limitations.

18.   On or about October 30, 2012, the Plaintiff, through undersigned counsel, filed a Motion for Judgment on the Pleadings, requesting that case 12-C-784 be dismissed as it was filed after the expiration of the statute of limitations.  A true and accurate copy of the Motion for Judgment on the Pleadings is attached hereto as Exhibit 2.

19.   On or about November 8, 2012, the Plaintiff, through undersigned counsel, and Defendant LVNV Funding, through Defendant Weltman, tendered an Agreed Order to the Pike

District Court, providing that the Motion for Judgment on the Pleadings be granted, and that case number 12-C-784 be dismissed with prejudice.

20. On or about November 16, 2012, the Pike District Court signed and entered the Agreed Order, granting the Plaintiff's motion, and dismissing the matter with prejudice. A true and accurate copy of the signed Agreed Order is attached hereto as Exhibit 3.

21. Through information and belief, the Defendants have a pattern and practice of filing debt collection suits without obtaining anything but rudimentary information (i.e. the consumer's name, social security number, amount due, name or original creditor and/or prior owners of the account, and account number).

22. Through information and belief, the Defendants failed to maintain, utilize, or implement sufficient procedures to avoid errors under the FDCPA, such as the filing of suits that are barred by the statute of limitations.

## COUNT I
### (Fair Debt Collection Practices Act – 15 § 1692 *et seq.*)

23. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

24. Plaintiff David Wellman is a "consumer" as defined by the FDCPA, which provides that a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

25. The statute of limitations under the FDCPA is one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d).

26. Within the one-year statute of limitations provided by § 1692k(d), the Defendants violated the following provisions of the FDCPA:

    a. The Defendants violated 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in connection with the collection of the debt allegedly owed by the Plaintiff;

    b. The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character or legal status of the debt by filing a suit that was barred by the statute of limitations;

    c. The Defendants violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect the debt;

    d. The Defendants violated 15 U.S.C. § 1692f by using "unfair or unconscionable means to collect or attempt to collect any debt."

27. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for the following:

    a. Pursuant to 15 U.S.C. 1692k(a)(1) the Plaintiff's actual damages;

    b. Pursuant to 15 U.S.C. 1692k(a)(2) statutory damages;

    c. Pursuant to 15 U.S.C. 1692k(a)(3) all court costs and attorneys' fees.

**WHEREFORE,** the Plaintiff, David Wellman, having set forth his claims for relief against the Defendants, respectfully request judgment be entered against the Defendants, LVNV Funding, LLC, and Weltman, Weinberg & Reis Co, LPA d/b/a Weltman, Weinberg & Reis Co, PSC, for the following:

A. That the Plaintiff have and recover against the Defendant, statutory damages of $1,000.00 for the violations of the Fair Debt Collection Practices Act;

B. That the Plaintiff have and recover against the Defendant a sum to be determined in the form of actual damages;

C. That the Plaintiff have and recover against the Defendant, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k of the Fair Debt Collection Practices Act;

D. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID WELLMAN, demands a jury trial in this case.

DATED: November 26, 2012.

/s/ Noah R. Friend
Noah R. Friend
Friend & Hunt
Attorneys at Law, PLLC
P.O. Box 610
Pikeville, KY 41502
Phone: 606.369.7030
Fax: 502.716.6158
nrfriend@friendandhunt.com
KY Bar #92209

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, DAVID WELLMAN, states the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, DAVID WELLMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

11/26/2012
DATE

DAVID WELLMAN